UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Aaron,                           Case No. 3:21 CV 1942

       Plaintiff,                    JUDGE JAMES G. CARR

   v.

McDonalds Corporation,           <u>OPINION AND ORDER</u>

       Defendant.

*Pro se* Plaintiff David Aaron filed this action against McDonalds Corporation. The Complaint is entirely incomprehensible. He asserts claims for intentional infliction of emotional distress, breach of duty, lack of correspondence and coercion. He seeks monetary damages.

### I. Background

Plaintiff's Complaint in relevant part states:

> Conveying; controversial; conspiracy in town! I have lived this life seeking answers to relative and Federal foundations of secrecy to embezzlements tied to securities. With this I have found nothing. I have become meager to learn of confidence in mitigation in the state of MRE612 of this court. I ask this court (pro-se): as attenuation, and contributes to the actual and perceived integrity of the judicial process, with judicial precedent . Under scope(a)(c) and civil rule 2: amended and supplemental pleadings; disposition, admissions: compelling under scrutiny; criminal procedure code 156(3);(b;l;c(l);B):EPA U.S. C (a)(c), I show cause of strict liability civil rule (6);civil rule (32) (30)(b)(6). In the legitimate way you have authority to authorize these actions of conveying controversy doomed

> these chattels are areas of an construed issue of this admissions. Contrary being how the corporate begun were and whom established convey name McDonald's!

.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th

Cir.1998).

### III. Analysis

Plaintiff has not stated a claim upon which relief may be granted. To meet federal notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint contains no discernable facts. It fails to meet the basic requirements of Federal Civil Procedure Rule 8.

### IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                                   s/James G. Carr 2/3/2022
                                              JAMES G. CARR
                                              UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.